IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RONALD J. SCOTT, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. G-05-185 | |
| § | | |
| P.A.C. TOWING COMPANY, INC., § | | |
| PELLEGRIN, ADAMS, & CHAUVIN § | | |
| TOWING CO., INC., AND APACHE § | | |
| CORPORATION, § | | |
| § | | |
| Defendants. § | | |

**ORDER DENYING DEFENDANT PELLEGRIN, ADAMS & CHAUVIN TOWING CO.'S MOTION TO TRANSFER VENUE**

This case arises out of injuries allegedly sustained by Ronald J. Scott ("Plaintiff") while employed by Pellegrin, Adams & Chauvin Towing Co. ("PAC"). Now before the Court comes PAC's Motion to Transfer Venue to the Eastern District of Louisiana. For the reasons stated below, PAC's Motion is respectfully **DENIED**.

I.   Background

Plaintiff was employed as a captain of the towing vessel M/V GRAND KNIGHT, which was owned by PAC. At the time of the alleged incident, the vessel was located next to a production platform owned by Defendant Apache Corporation near Intracoastal City, Louisiana. Plaintiff slipped and fell on oil that leaked onto the deck of the vessel. PAC now moves to transfer this case to the Eastern District of Louisiana.

II.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses,

in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

III.     Analysis

*A.  Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous

less important witnesses." *Id.*

PAC lists one of its employees, Chester Naquin, who lives in the Eastern District of Louisiana, as an eyewitness. PAC can compel the attendance at trial of its own employees, so the availability and convenience of this potential witness is given less weight. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003). PAC also lists two treating doctors in New Orleans.

Plaintiff adds Dr. Zoran Cupic and Dr. Ken McCoin, both located in this District, to the list of likely witnesses. Plaintiff also notes that Apache has not yet provided complete Rule 26 disclosures, so Plaintiff cannot determine the location of some likely witnesses. Apache does have its headquarters in this District. Since Plaintiff's account of the incident puts much of the blame on Apache, it is likely that the case against Apache will occupy a significant portion of the trial. The Court must therefore be mindful of the cost and inconvenience to Apache as well as to PAC.

PAC has not demonstrated that transfer to Louisiana would increase the availability and convenience of the majority of important witnesses. This factor weighs against transfer.

B. *Location of Books and Records*

The location of books and records is generally of little importance in this type of case. Some of Plaintiff's medical records may be located in New Orleans, but even though these may cover five major surgeries, PAC has not convinced the Court that the records located in Louisiana are so voluminous as to cause PAC to incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F.Supp.2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston [from Louisiana]."). This factor weighs neither for nor against transfer.

C. *Potential for Delay*

Trial in this case is set for February 13, 2006.  While any transfer causes some delay, Plaintiff has not shown that transfer at this early stage would cause a significant and unusual delay.  *See, e.g. In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ([I]n rare or special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence.").   This factor weighs neither for nor against transfer.

*D.  Plaintiff's Choice of Forum*

PAC acknowledges that the Plaintiff's choice of forum is generally entitled to great deference, but it maintains that the choice of forum is entitled to less deference when the plaintiff does not live in the forum.  *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum).  Plaintiff lives in Chauvin, Louisiana.  With Apache's headquarters in this District and PAC's in the Eastern District of Louisiana, no matter where Plaintiff filed suit, he probably anticipated a motion to transfer.  The location of one Defendant's headquarters in this District is a sufficient connection to entitle Plaintiff to some deference in his choice of forum.  *See id.* at 1109.  This factor weighs against transfer.

*E.  Place of the Alleged Wrong*

PAC also argues that the Court should consider the place of the alleged wrong.  At the time of Plaintiff's injury, the vessel was operating just off the coast of Louisiana.  This factor weighs in favor of transfer.

IV.   Conclusion

If PAC were the only Defendant in this case, the Court would likely grant PAC's Motion.  However, because Apache is located in this District and has not joined in the Motion, the Motion

to Transfer Venue is hereby respectfully **DENIED**. Since each Defendant has its headquarters located in a different District, the Court defers to Plaintiff's choice of venue. However, if Apache is non-suited or otherwise drops out of the case, PAC is free to petition the Court to reconsider this Motion. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 2nd day of August, 2005 at Galveston, Texas.

Samuel B. Kent
United States District Judge